**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA *ex rel.*
BRITNEY HARRELL*,*
    Plaintiff,

vs.                                                                                  Case No.:  2:23-cv-02009-SHL-cgc

UNIFIED RESIDENTIAL MANAGEMENT,
LLC; ORO CAPITAL ADVISORS, LLC,

    Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW**, the Defendants, Unified Residential Management, LLC ("Manager") and Oro Capital Advisors, LLC ("Owner") (together, the "Defendants"), and file this Answer and Affirmative Defenses to Plaintiff's, United States of America *ex rel.* Britney Harrell ("Plaintiff"), First Amended Complaint (the "Complaint") asserting violations of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.* (the "Act").

Defendants, whether jointly or severally, hereby deny each and every allegation of the Complaint not expressly admitted herein.  Any answer or response by Defendants that Defendants lack sufficient knowledge or information to admit or deny a specific allegation, or part thereof, shall be intended —if an affirmative admission or denial is required by the Court— to be a denial. Any answer or response by Defendants that an allegation makes a legal conclusion shall be intended —if an affirmative admission or denial is required by the Court— to be a denial.

Now, in answer to each of the numbered paragraphs of Plaintiff's Complaint, Defendants answer as follows:

At the threshold, Defendants note that Plaintiff's Complaint fails to comply with the pleading requirements under, *inter alia*, Fed. R. Civ. P. 8. Most of Plaintiff's numbered allegations constitute narratives that purport to make several discrete factual averments – rendering it difficult to properly and fully answer the Complaint. Moreover, many allegations appear to purport to refer to various documents and communications which are not attached to the Complaint, rendering it difficult to expressly admit or deny the veracity or correctness of the alleged content of those documents and communications. To the extent any factual allegation (or anything intended to be a factual allegation) was overlooked or otherwise unanswered, said oversight was inadvertent and, out of an abundance of caution, said allegation is denied.

## CAUSE OF ACTION

1. No response to Paragraph 1 is required as it fails to make a factual allegation directed to Defendants and simply recites the nature of the action. To the extent that Paragraph 1 is intended to allege Defendants' liability under the Act, or otherwise, such allegation is denied.

2. Denied.

## JURISDICTION AND VENUE

3. No response to Paragraph 3 is required as it fails to make a factual allegation directed to Defendants. It is admitted that Plaintiff purports to bring such action; however, to the extent this Paragraph is intended to allege Defendants' liability under the Act, such allegation is denied.

4. It is admitted that subject matter jurisdiction for false claims under the Act is proper; otherwise, denied.

5. It is admitted that there is personal jurisdiction; otherwise, denied.

6. It is admitted that venue is proper; otherwise, denied.

## **PARTIES**

7. Upon information and belief, it is admitted that Plaintiff is a citizen of the State of Tennessee. It is likewise admitted that Plaintiff was formerly employed as the assistant-manager and manager of the Vale, and that said positions carried with them various duties and responsibilities. The last sentence of Paragraph 7 is denied. All other allegations in Paragraph 7 not expressly admitted are hereby denied.

8. It is admitted that Owner is a California limited liability company with a principal place of business in California, that its members are not citizens of Tennessee, and that it is in the real estate investment business as recited. It is further admitted that, at all times relevant, Owner owned the properties referenced —to wit, The Birches, The District, The Local, The Nova, and The Vale— and that Manager manages those properties. All other allegations in Paragraph 8 not expressly admitted are hereby denied.

9. The first sentence of Paragraph 9 is denied. The second and third sentence are admitted; however, the final sentence is denied.

10. No response to Paragraph 10 is required as it fails to make a factual allegation directed to Defendants and purports to recite a legal conclusion. The Act speaks for itself.

11. No response to Paragraph 11 is required as it fails to make a factual allegation directed to Defendants and purports to recite a legal conclusion. The Act speaks for itself.

12. No response to Paragraph 12 is required as it fails to make a factual allegation directed to Defendants and purports to recite a legal conclusion. The Act speaks for itself.

13. No response to Paragraph 13 is required as it fails to make a factual allegation directed to Defendants and purports to recite a legal conclusion. The Act speaks for itself.

14. No response to Paragraph 14 is required as it fails to make a factual allegation directed to Defendants and purports to recite a legal conclusion. The Act speaks for itself.

**INTRODUCTION**

15. No response to Paragraph 15 is required as it fails to make a factual allegation directed to Defendants. Moreover, Defendants are without sufficient knowledge or information to affirmatively admit or deny the various contentions contained in Paragraph 15.

16. No response to Paragraph 16 is required as it fails to make a factual allegation directed to Defendants. Moreover, Defendants are without sufficient knowledge or information to affirmatively admit or deny the various contentions contained in Paragraph 16.

17. No response to Paragraph 17 is required as it fails to make a factual allegation directed to Defendants.

18. No response to Paragraph 18 is required as it fails to make a factual allegation directed to Defendants.

19. No response to Paragraph 19 is required as it fails to make a factual allegation directed to Defendants.

20. No response to Paragraph 20 is required as it fails to make a factual allegation directed to Defendants.

21. No response to Paragraph 21 is required as it fails to make a factual allegation directed to Defendants.

**ALLEGED FALSE CLAIMS ACTIVITY**

22. It is admitted that Defendants obtained bulk rental assistance payments, and that counsel received an amount equal to 10% of each bulk payment as an attorney fee. All other allegations, including those of wrongdoing, including, without limitation, any allegation of conspiracy or fraud, are denied.

**FACTS**

23. The first sentence of Paragraph 23 is admitted, and it is admitted that counsel received an amount equal to 10% of each bulk payment as an attorney fee.

24. It is admitted that Defendants obtained, through counsel, S. Joshua Kahane, bulk rental assistance payments; otherwise, denied.

25. Upon information and belief, denied as stated.

26. Defendants are without sufficient knowledge or information to affirmatively admit or deny the various contentions contained in Paragraph 26 as they are, *inter alia*, vague and ambiguous.

27. Upon information and belief, denied as stated.

28. Said email speaks for itself and to the extent that Paragraph 28 alters or otherwise varies from said email, it is denied. All other allegations in Paragraph 28 are denied, including what the unidentified document purportedly demonstrates.

29. Said email speaks for itself and to the extent that Paragraph 29 alters or otherwise varies from said email, it is denied. All other allegations in Paragraph 29 are denied.

30. Said email (and any alleged attachments) speaks for itself and to the extent that Paragraph 30 alters or otherwise varies from said email, it is denied. All other allegations in Paragraph 30 are denied.

31. Denied as stated.

32. It is admitted that a ledger, showing all debits and credits, is maintained for each tenant; otherwise, denied as stated.

33. It is admitted that a ledger is maintained for each tenant. All other allegations in Paragraph 33 are denied.

34. No response to Paragraph 34 is required as it fails to make a factual allegation directed to Defendants. It appears that Paragraph 34 is intended to recite or set forth the content of one or more documents, documents which speak for themselves. Paragraph 34 is denied to the extent that it alters, amends, or changes the content of such documents, or is otherwise inconsistent with the content of such documents, or reflects incomplete or misleading information. Furthermore, Paragraph 34 reinforces Plaintiff's fundamental misunderstanding of what the ledgers purport to evidence and the nature, purpose, and effect of the relevant debits and credits. Far from allegedly demonstrating some sort of fraud, they evidence precisely the opposite.

35. Denied as stated.

36. It appears that Paragraph 36 is intended to recite or set forth the content of one or more documents, documents which speak for themselves. Paragraph 36 is denied to the extent that it alters, amends, or changes the content of such documents, or is otherwise inconsistent with the content of such documents, or reflects incomplete or misleading information. Because of the narrative nature of Paragraph 36, the absence of identification of any relevant documents which are purportedly quoted, and noncompliance with the pleading requirements of the Federal Rules of Civil Procedure, Paragraph 36 is denied as stated. To the extent this Paragraph is intended to allege Defendants' liability under the Act, such allegation is denied. Indeed, it appears Paragraph 36's sole purpose is to paint the picture that Defendants were knowingly shorting "Tenant Q.I." and that Defendants only trued up the tenant's ledger after being caught red-handed – and that picture, as painted, is denied.

37. Upon information and belief, it is admitted that "Ms. Sierra" adjusted the ledger at some point as that would have been part of her job responsibilities. Defendants are without sufficient knowledge or information to affirmatively admit or deny the second sentence of Paragraph 37.

38. Defendants are without sufficient knowledge or information to affirmatively admit or deny various contentions contained in Paragraph 38. It further appears that Paragraph 38 is intended to recite or set forth the content of one or more documents, documents which speak for themselves. Paragraph 38 is denied to the extent that it alters, amends, or changes the content of such documents, or is otherwise inconsistent with the content of such documents, or reflects incomplete or misleading information. To the extent this Paragraph is intended to allege Defendants' liability under the Act, or any other violation of law, such allegation is denied.

39. Defendants are without sufficient knowledge or information to affirmatively admit or deny various contentions contained in Paragraph 39. It further appears that Paragraph 39 is intended to recite or set forth the content of one or more documents, documents which speak for themselves. Paragraph 39 is denied to the extent that it alters, amends, or changes the content of such documents, or is otherwise inconsistent with the content of such documents, or reflects incomplete or misleading information. To the extent this Paragraph is intended to allege Defendants' liability under the Act, or any other violation of law, such allegation is denied.

40. Defendants are without sufficient knowledge or information to affirmatively admit or deny various contentions contained in Paragraph 40, and portions of Paragraph 40 fail to make a factual allegation directed to Defendants, necessitating no response. To the extent this Paragraph is intended to allege Defendants' liability under the Act, or any other violation of law, such allegation is denied.

41. Defendants are without sufficient knowledge or information to affirmatively admit or deny various contentions contained in Paragraph 41, and portions of Paragraph 41 fail to make a factual allegation directed to Defendants, necessitating no response. To the extent this Paragraph is intended to allege Defendants' liability under the Act, or any other violation of law, such allegation is denied.

42. No response to Paragraph 42 is required as it fails to make a factual allegation directed to Defendants. It appears that Paragraph 42 is intended to recite or set forth the content of one or more documents, documents which speak for themselves. Paragraph 42 is denied to the extent that it alters, amends, or changes the content of such documents, or is otherwise inconsistent with the content of such documents, or reflects incomplete or misleading information. To the extent this Paragraph is intended to allege Defendants' liability under the Act, or any other violation of law, such allegation is denied.

43. Said email speaks for itself and to the extent that Paragraph 43 alters or otherwise varies from said email, it is denied. All other allegations in Paragraph 43 are denied.

44. Denied.

## THE ALLEGED SCOPE OF THE LOSS

45. It is admitted that, at all times relevant, Owner owned, and Manager managed, five (5) apartment properties in the Memphis area. It is admitted that Defendants obtained bulk rental assistance payments. The remaining portions of Paragraph 45, including those that fail to make a factual averment directed to Defendants, are denied.

## CAUSES OF ACTION

### COUNT I:
### False Claims Act, 31 U.S.C. § 3729(a)(1)(A)

46. Defendants hereby incorporate by reference each of their responses to the foregoing numbered Paragraphs of the Complaint as if set forth herein verbatim.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT II:
## False Claims Act, 31 U.S.C. § 3729(a)(1)(B)

51. Defendants hereby incorporate by reference each of their responses to the foregoing numbered Paragraphs of the Complaint as if set forth herein verbatim.

52. Denied.

53. Denied.

54. Denied.

## COUNT III:
## False Claims Act, 31 U.S.C. § 3729(a)(1)(C)

55. Defendants hereby incorporate by reference each of their responses to the foregoing numbered Paragraphs of the Complaint as if set forth herein verbatim.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## COUNT IV:
## False Claims Act, 31 U.S.C. § 3729(a)(1)(D)

62. Defendants hereby incorporate by reference each of their responses to the foregoing numbered Paragraphs of the Complaint as if set forth herein verbatim.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT V:
## Unjust Enrichment

69. Defendants hereby incorporate by reference each of their responses to the foregoing numbered Paragraphs of the Complaint as if set forth herein verbatim.

70. Denied.

71. Denied.

## COUNT VI:
## Payment by Mistake

72. Defendants hereby incorporate by reference each of their responses to the foregoing numbered Paragraphs of the Complaint as if set forth herein verbatim.

73. No response to Paragraph 73 is required as it fails to make a factual allegation directed to Defendants.

74. No response to Paragraph 74 is required as it fails to make a factual allegation directed to Defendants and, instead, purports to recite the subjective belief and/or state of mind of the United States. It is denied that Defendants were paid by the United States.

75. No response to Paragraph 75 is required as it fails to make a factual allegation directed to Defendants and, instead, purports to recite the subjective belief and/or state of mind of the United States. It is denied that Defendants were paid by the United State.

76. No response to Paragraph 76 is required as it fails to make a factual allegation directed to Defendants and, instead, purports to recite the subjective belief and/or state of mind of the United States. It is denied that Defendants were paid by the United State

77. Denied.

78. Denied.

## PRAYER FOR RELIEF

As to Plaintiff's "Prayer for Relief" and "Wherefore" Paragraphs, including, without limitation, subparts 1 through 7, it is denied that Plaintiff, whether herself, or on behalf of the United States of America, is entitled to any relief whatsoever. Defendants pray that Plaintiff take nothing from her Complaint, that her Complaint be dismissed with prejudice, and that Defendants be awarded their reasonable attorneys' fees and expenses incurred to defend this action.

All allegations of the Complaint not expressly admitted are hereby denied. The use of any headings herein is not intended to establish or admit any fact; rather, they are used purely for the purposes of organization and understanding.

## AFFIRMATIVE DEFENSES

Now, therefore, having answered each of the numbered paragraphs of the Complaint, Defendants assert the following defenses, subject to amendment:

### FIRST DEFENSE

Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). This includes, but is not limited to, the absence of supplemental jurisdiction and/or standing as to one or more claims.

### THIRD DEFENSE

Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

## FOURTH DEFENSE

Defendants did not make a false claim, nor did Defendants act knowingly. At all times relevant, Defendants acted in good faith and/or any alleged violations of the Act were the product of an innocent mistake, an accident, or mere negligence. For the avoidance of doubt, this defense is intended to, *inter alia*, assert the absence of the required scienter (or *mens rea*) for a claim under the Act.

## FIFTH DEFENSE

Plaintiff's claims are barred, and/or her claims for damages or relief —whether on behalf of herself or the United States— must be reduced or otherwise off-set, to the extent that such claims were the result of the acts or omissions of third parties —whether negligent or intentional— or those of Plaintiff herself. For the avoidance of doubt, this defense is intended to invoke, *inter alia*, comparative fault, contributory negligence, or other related concepts to the extent applicable.

## SIXTH DEFENSE

Defendants affirmatively invoke the advice-of-counsel defense.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of release, waiver, estoppel, ratification, payment, accord and satisfaction, and/or laches.

## EIGHTH DEFENSE

Defendants invoke and assert the defense of public disclosure.

## NINTH DEFENSE

Defendants affirmatively invoke all rights and defenses available pursuant to the Act.

## TENTH DEFENSE

Plaintiff was an at-will employee and Plaintiff's employment was terminated for legitimate, non-discriminatory, and non-retaliatory reasons.

**ELEVENTH DEFENSE**

Defendants expressly invoke the after-acquired-evidence doctrine in defense to Plaintiff's employment related claims.

**TWELFTH DEFENSE**

Defendants affirmatively plead that any alleged unlawful act, and specifically those pursuant to the Act, were the product of a mistake of law and/or fact.

**THIRTEENTH DEFENSE**

Plaintiff's claims for damages must be reduced or otherwise off-set to the extent Plaintiff obtained employment following her alleged termination by Defendant(s), including, but not limited to, any wages, salary, or benefits (of any kind) received.

**FOURTEENTH DEFENSE**

Plaintiff's claims for damages must be dismissed, reduced, or otherwise off-set to the extent Plaintiff failed to mitigate her damages, or that there is an absence of damages or loss at all – including as to the United States of America.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred as they are moot, unripe, or there is otherwise no cognizable case or controversy.

**SIXTEENTH DEFENSE**

Defendants did not knowingly make a false claim. At all times relevant, Defendants acted in good faith and/or any alleged violations of the Act were the product of an innocent mistake or mere negligence.

**SEVENTEENTH DEFENSE**

Plaintiff's claims under the Act must be dismissed or are otherwise barred as there was no privity, claim, payment, or materiality necessary to sustain a claim under the Act.

## EIGHTEENTH DEFENSE

Plaintiff's claims must be dismissed as she failed to plead her claims of fraud and/or conspiracy with particularity.

## NINETEENTH DEFENSE

Defendants invoke the intra-corporate immunity doctrine to any claim sounding in conspiracy.

## TWENTIETH DEFENSE

Defendants reserve the right to amend this Answer and assert additional defenses in the future, and nothing herein should be construed as a waiver of any defense.

Defendants have not knowingly or intentionally waived any applicable affirmative defense and reserves the right to amend this Answer to add additional defenses or affirmative defenses as may become available or become apparent during discovery proceedings. Defendants further reserve the right to amend this Answer and defenses accordingly and to delete defenses if it is determined, during the course of discovery and other proceedings in this case, that they are not applicable, until all discovery in this case has been completed.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ Aubrey B. Greer
Aubrey B. Greer (TN# 35613)
Joseph E. Horowitz (TN# 36353)
6000 Poplar Ave., Suite 400
Memphis, Tennessee 38119
Telephone:   (901) 525-1322
Facsimile:   (901) 525-2389
agreer@glankler.com
jhorowitz@glankler.com

*Attorneys for Defendants Unified Residential Management, LLC and Oro Capital Advisors, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served electronically on the following via the Court's ECF system and/or United States Mail, postage prepaid:

Kevin P. Whitmore, Esq.
THE LAST CHANCE LAW FIRM
301 Washington Ave.
Suite 202
Memphis, Tennessee 38103
kwhitmore@comcast.net

                                            /s/ Aubrey B. Greer