IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRITNEY HARRELL, <br><br> Plaintiff, <br><br> v. <br><br> UNIFIED RESIDENTIAL MANAGEMENT, LLC and ORO CAPITAL ADVISORS, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 2:23-cv-02009-SHL-cgc |

**ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY (ECF NO. 29), ADDRESSING PLAINTIFF'S OMNIBUS MOTION (ECF NO. 33), DENYING AS MOOT PLAINTIFF'S MOTION TO STAY RESPONSE (ECF NO. 37), AND DENYING AS MOOT PLAINTIFF'S MOTION TO FILE REPLY (ECF NO. 43)**

Before the Court are Defendants Unified Residential Management, LLC and Oro Capital Advisors, LLC's Motion to Stay Discovery (ECF No. 29), filed October 18, 2023, Plaintiff United States of America ex rel Britney Harrell's Omnibus Response to the Court's Order Requiring Notice of Mediation and to Defendants' Motion to Stay Discovery and Plaintiff's Omnibus Motion to Compel Discovery, to Request a Stay of Plaintiff's Response to Defendant's Motion to Dismiss, and for Costs, Expenses, and Attorneys' Fees, Pursuant to 28 U.S.C.A. § 1927, and Plaintiff's Request for a Hearing ("Plaintiff's Omnibus Motion") (ECF No. 33), filed October 26, 2023, and Defendants' Response in Opposition to Plaintiff's Omnibus Filing (ECF No. 41), filed November 16, 2023. The motion to stay discovery is **DENIED**, and Plaintiff's omnibus motion is **ADDRESSED** below. Because the Court is ruling on Plaintiff's Omnibus Motion, Plaintiff's Motion to Stay Plaintiff's Response to Defendants' Motion to Dismiss Until Ruling on Plaintiff's Omnibus Motion (ECF No. 37), filed November 6, 2023, and Plaintiff's Motion for Leave to Reply to Defendants' Response in Opposition to Plaintiff's Omnibus Filing

(ECF No. 43), filed November 21, 2023, are **DENIED AS MOOT**.

I. <u>Motion to Stay Discovery</u>

Absent extraordinary circumstances, this Court rarely grants motions to stay discovery. Qui tam actions filed under the False Claims Act that are not pled with Rule 9(b)'s particularity requirements could, in theory, fall within those extraordinary circumstances.  Defendants argue that "[i]n the context of False Claims Act cases, discovery is typically stayed pending dispositive motions in order to prevent the relator 'from bringing suit under the FCA and using the complaint as a "fishing expedition" to uncover wrongdoing.'"  (ECF No. 41 at PageID 298.) However, here, for discovery purposes, Plaintiff has sufficiently pled a cognizable fraudulent scheme by alleging "the time, place, and content of the alleged misrepresentation."  See <u>United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.</u>, 501 F.3d 493, 504 (6th Cir. 2007).  Plaintiff has "provide[d] fair notice to Defendants and enable[d] them to prepare an informed pleading responsive to the specific allegations of fraud."  <u>Id.</u> (quoting <u>Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n</u>, 176 F.3d 315, 322 (6th Cir.1999)).

Plaintiff, a former manager at the Vale Apartments in Memphis—a property owned and managed by Defendants—provides names, dates, financial numbers, and personal knowledge of potential misrepresentations that she even tried to "surreptitiously" correct with the help of an Oro Capital Advisors, LLC accounting employee in California.  (ECF No. 9 at PageID 31, 40.) There is specificity as to a named attorney, who allegedly works for the same firm as Defendants' counsel in this case, and his supposed involvement in redirecting ten percent of tenants' Memphis and Shelby County Emergency Rental Assistance Program ("MSCERA") funds (which were directly funded by the federal Emergency Rental Assistance program) away from their rent payments.  (<u>Id.</u> at PageID 36–38.)  Plaintiff became aware of this potential

underpayment because multiple different tenants complained to her that their full rental assistance was not applied to their account. (Id. at PageID 32, 38, 42–43.) She therefore has personal knowledge of the situation and even took proactive steps to try and correct what she saw as Defendants' errors in applying federally-funded rental assistance. Furthermore, Plaintiff argues that Unified Residential Management LLC retaliated by terminating her employment. (Id. at PageID 44.) While the merits of her claims and the reach of what she pleads are still uncertain at this time, it is a stretch for Defendants to call her claims a "fishing expedition."

Furthermore, Plaintiff need only argue the knowledge requirement generally, see Bledsoe, 501 F.3d at 503; Fed. R. Civ. P. 9(b), and that is satisfied at this nascent stage of the proceedings. To be clear, the Court is in *no way* opining on the merits of the motion to dismiss, but rather laying out specific pleading requirements that show a representative sample of what could potentially constitute false claims. It is enough to deny a stay in discovery.

Thus, the extraordinary circumstances required for a stay in discovery are not present here. Defendants' Motion to Stay Discovery (ECF No. 29), is **DENIED**. The Parties are **ORDERED** to conduct discovery and mediation pursuant to the Scheduling Order's requirements.

## II.    Plaintiff's Omnibus Motion

Parties are generally discouraged from including so many different requests in one motion. Here, Plaintiff ultimately appears displeased that Defendants filed a motion to dismiss and a motion to stay discovery. Not only are these filings normal, but they are oftentimes expected. Defendants frequently file motions to dismiss for failure to state a claim. While they are infrequently granted by this Court, Defendants still regularly take a shot at staying discovery. Even though neither of those filings excuse Defendants from refusing to participate in discovery,

Plaintiff's motion for attorney's fees and costs under section 1927 (ECF No. 33 at PageID 230), is **DENIED**.

Plaintiff's motion to compel and sanction under Rule 37 (ECF No. 33 at PageID 231), is also **DENIED**.  Defense counsel's behavior to date does not warrant sanctions.  A motion to compel is also not ripe because it appears that discovery has been somewhat informal so far.  There is no reference to document production requests that have gone unfulfilled.  Instead, Plaintiff relies on Defendants' counsel's representation, arguing that counsel "essentially represented on the record to this Court and the Plaintiff that Mr. Greer would allow the Plaintiff to inspect the evidence."  (Id. at PageID 230–31.)  While such assertions may be true, the Parties must first attempt to obtain discovery via the Federal Rules.  Therefore, the motion to compel is incomplete and premature.

Defendants' failure to mediate is more problematic, and as Plaintiff points out, is in direct contradiction of both this Court's prior Scheduling Order and the Local Rules.  The Court previously granted the Parties' requests for extended deadlines to amend the complaint and to file a motion to dismiss.  (ECF No. 26.)  However, the ADR deadline was never changed.  Defendants filed their motion to dismiss on October 17 (ECF No. 27), twelve days after the October 5 ADR deadline (ECF No. 22), with no discernable attempt to mediate.  That behavior is inexcusable.

However, Plaintiff did not have a sense of urgency to mediate either because "Plaintiff honestly believed the case was going to be resolved or settled in a matter of weeks.  The Court's Order requiring mediation by October 5th seemed only a formality."  (ECF No. 33 at PageID 231.)  Regardless of intentions or hopes, Plaintiff did not facilitate mediation conversations until September 18th.  (Id.)  The Court cannot sanction Defendants for a failure to mediate if Plaintiff

4

started the planning efforts less than three weeks before the ADR deadline.  While the motion to sanction under section 1927 for failure to comply with the Court's order of mediation (ECF No. 33 at PageID 232), is **DENIED**, the Parties are **ORDERED** to conduct ADR by **August 9, 2024**.

Plaintiff's motion to stay a response to Defendants' motion to dismiss (ECF No. 33 at PageID 232–33), is also **DENIED**.  However, because of all these pending motions and presumably because of her motion to stay response, Plaintiff's twenty-eight-day deadline to respond has long since passed.  That clock is reset as of today.  Plaintiff is **ORDERED** to respond to the motion to dismiss within twenty-eight days of the entry of this order; failure to respond within that timeframe will waive Plaintiff's right to a response.

Lastly, Plaintiff's request for a hearing (ECF No. 33 at PageID 233), is **DENIED**.

## CONCLUSION

For all these reasons, the motion to stay discovery is **DENIED**.  Because the Court has now ruled on Plaintiff's Omnibus Motion, the motion to stay plaintiff's response (ECF No. 37), and the motion for leave to reply (ECF No. 43), are **DENIED AS MOOT**.  Plaintiff is **DIRECTED** to file a response to Defendants' motion to dismiss within **twenty-eight days** of the entry of this Order.  The Parties are also **ORDERED** to proceed with discovery and are **ORDERED** to partake in ADR by **August 9, 2024**.

Accordingly, all trial-related dates in the Scheduling Order are **CANCELLED**.  Relevant deadlines will be rescheduled as needed at a future scheduling conference.

**IT IS SO ORDERED,** this 20th day of June, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE